**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **LORI BREIT,** | * |  |
| **Plaintiff** | * |  |
| **v.** | * | **CIVIL NO.  JKB-15-2483** |
| **AM. HERITAGE LIFE INS. CO.,** | * |  |
| **Defendant** | * |  |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM</u>

Plaintiff Lori Breit filed suit against American Heritage Life Insurance Company, complaining that American Heritage had failed to pay benefits Breit believed she was rightly due under a policy for short-term disability benefits; she indicated the policy began on October 1, 2003.  (Compl., ECF No. 2.)  She asserted a claim of breach of contract for failure to pay an additional $4,200 pursuant to the policy when she went out on disability leave from October 13, 2011, to February 9, 2012.  (*Id.* ¶¶ 4-10.)  She also asserted a claim of fraud based upon alleged intentional misrepresentation and concealment occurring when American Heritage allegedly, unilaterally changed the terms of the October 1, 2003, policy by reducing the available benefits from $2,400 per month to $1,200 per month; this allegedly occurred on June 29, 2009.  (*Id.* ¶¶ 16-24.)  She sought compensatory damages of $4,200 plus punitive damages, fees, costs, and interest.

After removing the case from Maryland state court to federal court, American Heritage filed the pending motion for summary judgment.  (ECF No. 26.)  The motion has been briefed

(ECF Nos. 29, 30), and no hearing is required, Local Rule 105.6 (D. Md. 2014).  The motion will be granted.

The Court has carefully considered the parties' respective filings and has concluded that, for the reasons stated in Defendant's motion and reply, Breit's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and that Breit was reasonably denied a claim under the October 1, 2003, group policy because her employer terminated the policy, effective June 29, 2009, more than two years prior to the onset of her disability in 2011.  (Admin. Record AHL 000114.)  Although Breit disputes she signed any documentation that resulted in her having an individual disability insurance policy paying a maximum benefit of $1,200 per month, she received the benefits of this policy in payments dated November 14, 2011 (AHL 000093), November 18, 2011 (AHL 000097), November 30, 2011 (AHL 000098), and December 31, 2011 (AHL 000099).  At the bottom of each Explanation of Benefits form accompanying these payments was the notification that any request for review must be mailed or delivered within 60 days for non-ERISA plans and 180 days for ERISA plans. (*Id.*)  She did not complain to American Heritage about the amount of benefits received until April 20, 2013.  (AHL 000103.)

In her response in opposition, Breit belatedly claims to be asserting a claim under her individual policy (Pl.'s Opp'n 2-4), but the allegations in her complaint clearly show that her claim for damages is based on nonpayment of benefits under the October 1, 2003, group policy. Her claims are preempted by federal law, and the administrative record amply supports the decision of American Heritage to deny her claim to benefits pursuant to the October 1, 2003, policy because coverage no longer existed at the time of onset of disability.

A separate order will enter.

DATED this 6th day of June, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge